IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELINETTE SANCHEZ MARRERO                                               PLAINTIFF

v.                                           CIVIL NO. 23-5091

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                         DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Elinette Sanchez Marrero, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on March 20, 2020, alleging an inability to work due to fibromyalgia, depression, anxiety, bipolar disorder, asthma, post-traumatic stress disorder, and schizophrenia. (Tr. 97, 230). An administrative telephonic hearing was held on January 7, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 40-60).

By written decision dated July 27, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: generalized anxiety disorder, depression, bipolar disorder, asthma, fibromyalgia, and degenerative disc disease. However, after

1

reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 406.967(a) except the claimant cannot reach overhead; the claimant must avoid even moderate exposure to fumes, odors, dusts, gasses, and poor ventilation; the claimant can do work where interpersonal contact is incidental to the work performed, e.g. assembly work, where the complexity of tasks is learned and performed by rote, with few variables, and little judgment, and where the supervision required is simple, direct, and concrete.

(Tr. 22-23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a touch-up screener, a document preparer, and a film touch-up inspector. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 12, 2023. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 12, 16).

**II.    Applicable Law:**

The court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply

because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.

1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform sedentary work with limitations to include no overhead reaching; avoiding even moderate exposure to fumes, orders, dusts, gasses, and poor ventilation; and work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, and the supervision required is simple, direct, and concrete. (Tr. 22). In determining this RFC, the ALJ stated that he found the consultative examiner's (Examiner) general physical examination findings dated May 19, 2022, persuasive. (Tr. 28). In doing so, the ALJ found the Examiner had the opportunity to

4

personally examine Plaintiff and that the findings are generally consistent with the medical evidence appearing in the record. What is troubling to the undersigned is the ALJ's failure to discuss the Examiner's findings regarding Plaintiff's inability to hold a pen with her right hand, to touch fingertips to palm with her right hand, to oppose thumb to fingers with her right hand and to have a zero percent grip strength in her right hand and ten percent grip strength in her left hand. (Tr. 1958).

Most unskilled sedentary jobs require good use of both hands and fingers and any significant manipulation limitations will result in a significant erosion of the unskilled sedentary occupational base. *Titles II & XVI: Determining Capability to Do Other Work-Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*, SSR 96-9P, *8 (S.S.A. July 2, 1996). The Court notes the jobs the ALJ found Plaintiff could perform require frequent to constant fingering and handling. *See* DICOT §§ 726.684-110, 249.587-018, 726.684-050 at www.westlaw.com. After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's ability to use her upper extremities. While on remand, the ALJ should also discuss the Examiner's opinion that Plaintiff "needs to have [a] psychiatric evaluation." (Tr. 1959).

### IV.   Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE