IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELINETTE SANCHEZ-MARRERO                                                                PLAINTIFF

v.                              CIVIL NO. 5:23-05091-TLB-CDC

MARTIN J. O'MALLEY, Commissioner
Social Security Administration[1]                                                       DEFENDANT

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, Elinette Sanchez-Marrero, appealed the Commissioner's denial of benefits to this Court. On May 14, 2024, U.S. District Timothy L. Brooks adopted the undersigned's Report and Recommendation, and remanded Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 18, 19).

**1.   Background**

On June 13, 2024, Plaintiff filed a Motion seeking an award of attorney fees in the amount of $7,644.75 under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA).  (ECF No. 20).  On June 26, 2024, Defendant responded, objecting in part to Plaintiff's Motion.  (ECF No. 23).  The Motion was referred to the undersigned for Report and Recommendation. (ECF No. 22).

**2.   Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the

---

[1] Martin J. O'Malley has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.") An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that

2

there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[2], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

**3.    Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 19). The Court first construes Defendant's lack of objection concerning substantial justification and prevailing party status as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $236 during 2023 and $245 during 2024, and Defendant makes no objection to the rates claimed by Plaintiff.

Plaintiff's Motion seeks compensation for 28.50 hours of legal work during 2023 and 3.75 hours during 2024. Defendant objects to certain of these claimed hours as excessively expended on reviewing and briefing and improperly spent on clerical tasks and training counsel's office staff; Defendant seeks reduction of compensable hours by (3) hours during 2023 and (1) hour during 2024. Pursuant to the EAJA, a court must determine whether the award is reasonable, and thus

---

[2] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2023 – 288.205 x 125 divided by 152.4 (December 2022 CPI – South) = $236.39/hour ~ $236.
2024 – 298.754 x 125 divided by 152.4 (December 2023 CPI – South) = $245.04 ~ $245.00.

reviews the claimed time considering the objections.[3] *Blakeslee v. Social Security Administration,* 2024 WL 2012496, *1 (E.D. Ark. April 25, 2024).

The Court finds Defendant's objections to the billing entries associated with reviewing and completing summaries of decision and hearing testimony and preparation of the medical abstract are sustainable. The Chronological Abstract of Medical Evidence submitted by Plaintiff with her Brief is nearly identical to a Medical Abstract completed in 2021 and included in the administrative record.  The Court will reduce the compensable hours claimed – 3.75 hours – down to 2.25 hours, a reduction of 1.5 hours.  Another .5 hours will be reduced from the billing for counsel's billing for clerical tasks.  Together, these 2.0 hours will be reduced from the time claimed during 2023, reducing the 2023 billing hours from 28.50 to 26.50.   No reductions will be made to the time claimed during 2024.

Having carefully reviewed the itemizations of work performed, and making the modest reductions noted herein, the Court finds an award of fees in the amount of $7,172.75 is justified by reasonable and necessary work performed and the results achieved. The undersigned recommends that Plaintiff's Motion for Attorney Fees (ECF No. 20) be **GRANTED,** and **Plaintiff awarded $7,172.75 in fees with this amount paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.**  Pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant.  However,

---

[3] 28 U.S.C. § 2412(b). *See also Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds.' These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether and at what level attorney's fees are appropriate in an EAJA case.... In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel.  The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** the 1st day of July 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE